**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **In re:** | ) |
| | ) |
| **KERRY T. THOMPSON and CHERRI L. THOMPSON,** | ) ) ) |
| | ) |
| **Debtors** | ) |
| | ) |
| **CENTRUE BANK,** | ) |
| | ) |
| **Appellant,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 10-381-GPM** |
| | ) |
| **DONALD M. SAMSON, as Trustee of the Estate of Kerry T. Thompson and Cherri L. Thompson,** | ) ) ) |
| | ) |
| **Appellee.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Illinois. Appellant Centrue Bank (Centrue) appeals from the Bankruptcy Court's April 12, 2010 Order denying Centrue's Motion for Leave to Require Sale of Estate Asset and denying Centrue's Motion to Vacate Order Authorizing Employment of Counsel & Objection to Trustee's Application to Employ.

### I. Background

In June 2006, Kerry and Cherri Thompson (Debtors) executed a mortgage and promissory note with Centrue to finance the purchase of two rental properties in East St. Louis, Illinois.

Pursuant to that mortgage and promissory note, Debtors borrowed $90,400. Debtors defaulted, and on July 2008, Centrue brought a foreclosure action against Debtors in St. Clair County Circuit Court. In September 2008, Debtors filed a Chapter 7 bankruptcy in the Southern District of Illinois. At the date of filing, Debtors owed $84,351 to Centrue on the promissory note. In February 2009, Debtors received a discharge. A foreclosure sale was held in May 2009, and on October 1, 2009, the St. Clair County Circuit Court entered an order approving report of sale, confirming sale and order of possession. The sale of the property did not cover the balance of Debtors' pre-petition debt to Centrue. Had it not been for Debtors' intervening discharge, Debtors would have owed a $78,334.32 deficiency to Centrue. On October 30, 2009, Debtors filed a motion in St. Clair County Circuit Court seeking leave to file a class action counterclaim in the foreclosure case. The counterclaim would allege breach of contract as well as violations of the Illinois Interest Act and the Illinois Consumer Fraud Act. At present, the motion for leave is still pending.

On January 15, 2010, Centrue filed a motion in court for leave to require scheduling and sale of the putative counterclaim. Centrue offered $5,000 cash in the proposed sale and submitted that other creditors could enter higher bids. Debtors amended their schedules on February 3, 2010 to include the putative counterclaim.

On February 2, 2010, Chapter 7 Trustee Donald Samson (Trustee) filed an application to employ the same counsel Debtors had retained to file the motion for leave to file the class action counterclaim in St. Clair County Circuit Court. The Bankruptcy Court approved Trustee's application to employ counsel on February 3, 2010. On February 5, 2010, Centrue filed a motion to vacate the order authorizing the employment of counsel and an objection to Trustee's application to employ counsel.

Oral arguments were held on the motion to sell and the motion to vacate on February 8, 2010 and March 8, 2010. At the March oral argument, the Bankruptcy Court stated that it would deny both motions. The Bankruptcy Court entered an order to that effect on April 12, 2010. On April 26, 2010, Centrue filed a Notice of Appeal, and this appeal followed.

## II. Jurisdiction

Centrue asks the Court to hear this appeal both under its plenary jurisdiction, under 28 U.S.C. § 158(a)(1), and under its jurisdiction to hear interlocutory appeals, under 28 U.S.C. § 158(a)(3). Section 158(a)(1) gives the Court jurisdiction to hear appeals from "final judgments, orders, and decrees." There is a split of authority on whether an order approving the employment of counsel is a final judgment from which an appeal lies. The Seventh Circuit has not spoken on the issue. The First, Fifth and Ninth Circuits apply a *per se* rule that such orders are not appealable. *Sec. Pac. Bank v. Steinberg* (In re *Westwood Shake & Shingle, Inc.*), 971 F.2d 387, 389-90 (9th Cir. 1992); *Foster Sec., Inc. v. Sandoz* (*In re Delta Servs. Indus., Inc.*), 782 F.2d 1267, 1272 (5th Cir. 1986); In re *Cont'l Inv. Corp.*, 637 F.2d 1, 4 (1st Cir. 1980). The Second and Third Circuits and the Eighth Circuit BAP look to the facts and circumstances of the case to determine whether the order is final. *Bank Brussels Lambert v. Coan* (In re *AroChem Corp.*), 176 F.3d 610, 620 (2d Cir. 1999); *F/S Airlease II, Inc. v. Simon* (In re *F/S Airlease II, Inc.*), 844 F.2d 99, 104 (3d Cir. 1988); *FL Receivables Trust v. Gilbertson Rests., LLC* (In re *Gilbertson Rests., LLC*), 315 B. R. 845, 848 (B.A.P. 8th Cir. 2004).

Even if an order authorizing the employment of counsel is not a final judgment, the Court has jurisdiction to hear interlocutory appeals. 28 U.S.C. § 158(a)(3). To the extent that the Court does not have plenary jurisdiction to hear this appeal, the Court chooses to exercise its jurisdiction to hear interlocutory appeals.

### III. Standard of Review

District courts, like the Circuit Courts of Appeals, "review a bankruptcy court's determinations of law de novo and findings of fact for clear error." *Wiese v. Comm. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009); Fed. R. Bankr. P. 8013.

### IV. Employment of Counsel

A trustee's application for employment of counsel must comply with Federal Rule of Bankruptcy Procedure 2014(a) and 11 U.S.C. § 327. Rule 2014(a) requires the application to include (1) "facts showing the necessity for the employment," (2) "the name of the person to be employed," (3) "the reasons for the selection," (4) "the professional services to be rendered," (5) "any proposed arrangement for compensation," and, to the best of the applicant's knowledge, (6) "all of the person's connections with the debtor, creditors, [or] any other party in interest." Fed. R. Bankr. P. 2014(a). "The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, [or] any other party in interest." *Id.*

Centrue argues that Trustee's February 2, 2010 application to employ counsel was insufficient because it did not disclose facts regarding (1) necessity of employment and (2) the attorneys' connections with the debtor, creditors or other parties in interest. The application stated that Trustee sought counsel for a "[c]lass action claim with debtors as a class representative alleging wrongful charge of interest on promissory notes." Attached declarations stated that the attorneys currently represented Kerry Thompson in a class action counterclaim in Illinois state court.

Although the application and declarations should have stated that the attorneys represented Cherri Thompson as well, failure to do so was harmless. Further, the application contained sufficient facts about the necessity of employment. At the time of the application, both Centrue and the Bankruptcy Court had notice of the pending motion for leave to file a class action counterclaim, so a brief explanation of the necessity of the attorneys' employment was sufficient.

Section 327(a) is the general rule a bankruptcy court must apply in approving or disapproving a bankruptcy trustee's application to employ counsel. It requires, *inter alia*, that the attorney be a "disinterested person." 11 U.S.C. §§ 101(14), 327(a). In order to be a "disinterested person," an attorney must not have an interest that is materially adverse to the estate. 11 U.S.C. § 101(14). For the reasons laid out in section IV–B of this Order, Trustee's attorneys' interests are materially adverse to the interest of the estate. Thus, none of Trustee's attorneys is a "disinterested person," so § 327(e), not § 327(a), governs their employment.

Section 327(e) governs where the trustee seeks to "employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor." 11 U.S.C. § 327(e). The statute has three elements: (1) the representation must be in the best interest of the estate, and with respect to the matter on which the attorney is to be employed, he or she may not represent or hold any interest adverse to (2) the debtor or (3) the estate. *Id.* Neither party has argued that any of the attorneys holds an interest adverse to the debtor. However, there is a dispute whether the representation is in the best interest of the estate and whether the attorneys' interests are adverse to the estate.

### A. Best Interest of the Estate

The trustee has duties to "collect and reduce to money the property of the estate" and to "close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

The parties disagree about whether these duties are best fulfilled by settlement or by litigation. The lower court held that litigation is in the best interest of the estate because Trustee could recover up to $27,000 by pursuing the counterclaim. Centrue argues that Trustee should have taken its offer of $5,000 cash (or whatever the highest bidder would have paid) because even if Trustee were to

prevail, its recovery would be just $188. Centrue further argues that the counterclaim is without merit because of the Illinois General Assembly's August 2010 amendment to the Illinois Interest Act. 815 ILCS 205/4(5) (banks lending to businesses may calculate annual interest using a 360-day calendar).

Even if this Court applies a clear error standard, it is not in the best interest of the estate to litigate the claim. The litigation will certainly be time-consuming and fruitless. Set aside the Illinois Interest Act and consider the unavoidable structural problem; the debtors were not damaged at all. The Court was told at the hearing that the debtors never paid anything on their note—nothing. It is fanciful to imagine that the debtors who euchred Centrue out of all the loan proceeds they borrowed would recover an additional $27,000.00 because of a nominal illegal interest calculation when no interest or principal was ever paid. Moreover, by bringing the counterclaim as a class action, the Trustee would significantly delay any potential recovery to the estate. Finally, the Trustee must obtain leave of the state court to file a counterclaim in a case where a final judgment has been entered. The Bankruptcy Court failed to consider this fact, which adds to the delay and lowers the likelihood of recovery. Indeed, it has been nearly nine months since Centrue offered to purchase the claim, and the counterclaim has not been filed.

In contrast, by selling the counterclaim (or employing counsel for that purpose), Trustee could have brought at least $5,000 into the estate for the benefit of Debtors' creditors. Employing counsel for purposes other than obtaining this immediate and substantial recovery was not in the best interest of the estate.

### B. Attorneys' Interests Adverse to the Interest of the Estate

Centrue further argues that Trustee's attorneys' interests are adverse to the interest of the estate. It cites *Dechert v. Cadle Co.*, where the Seventh Circuit held that, absent certain circumstances, a bankruptcy trustee cannot be a class representative. 333 F.3d 801, 803 (7th Cir.

2003). The *Dechert* Court noted the inherent conflict between the trustee's fiduciary duty to the estate and his or her fiduciary duty to the other members of the class. *Id.* The Bankruptcy Court, however, held that *Dechert* should not apply because it was decided on a motion to certify a class under Federal Rule of Civil Procedure 23, not an application to employ counsel under 11 U.S.C. § 327. That assertion, while factually correct, does not determine the outcome of this case. The relevant analysis in *Dechert* is not the Seventh Circuit's interpretation of Rule 23, but the court's conflict of interest analysis. *Dechert* stands for the proposition that a bankruptcy trustee acting as a class representative has a fiduciary duty to the estate that conflicts with his or her fiduciary duty to other members of the class. 333 F.3d at 803. As such, according to *Dechert*, a bankruptcy trustee may serve as a class representative only in limited circumstances; for example, if the potential recovery to the individual members of the class is substantial or if a fiduciary is the only available representative. *Id.*

Here, neither of the exceptions contemplated in *Dechert* exist. First, the probability of recovery is low, and it only rises to the level of low because there is always the possibility that, as here, a defendant would part with some money to avoid the expense of annoying and protracted litigation. Further, given the relatively large putative class, it is very unlikely that Trustee is the only available representative. Indeed, the conflict of interest here is inherent and readily apparent—the Trustee and counsel propose to pursue a major creditor to which the Trustee owes a fiduciary duty at the insistence of the debtors who could attain a mere nuisance settlement at best. The creditor, Centrue, would be out a small fortune in fees and costs if the Trustee, Centrue's fiduciary, was allowed to proceed as authorized by the Bankruptcy Court. As such, the trustee-as-class representative and counsel have an interest that is materially adverse to the interest of the estate.[1]

---

[1] While the Trustee could retain his interest in the putative counterclaim while refusing to serve as a class representative, he has declined to do so here. As such, there is no need to consider the issue of whether Trustee's attorneys would have interests materially adverse to the estate if Trustee were simply a class

### V. Motion to Sell

For the same reasons that the litigation is not in the best interest of the estate, the court should have immediately granted Centrue's motion to sell the counterclaim. This money would become part of the estate which would then necessarily be reopened and the money distributed to the creditors.

Additionally, the Court finds error in the Bankruptcy Court's public policy analysis. The court held that public policy and fairness weighed against compelling a potential plaintiff to sell its class action claim to a defendant. However, it is settled Illinois class action law that "prior to class certification, settlements with persons falling within a proposed class are not prohibited." *Arriola v. Time Ins. Co.*, 751 N.E. 2d 221, 226 (Ill. App. Ct. 2001) (quotation omitted)

### VI. Conclusion

For the foregoing reasons, the Bankruptcy Court's April 12, 2010 Order is **REVERSED** with regard to the motion to employ counsel and **REVERSED** with regard to the motion to sell. This action is hereby **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this Order.

**IT IS SO ORDERED.**

DATED: 10/15/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

member and not the class representative.